# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

CARL NAZAIRE,

    Plaintiff,

v.

THE BREAKERS PALM BEACH, INC.
A Florida profit corporation

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, CARL NAZAIRE, [herein referred to as "NAZAIRE" or "Plaintiff"] by and though her undersigned attorney and hereby files this complaint against Defendant, THE BREAKERS PALM BEACH, INC. [herein referred to as "Defendant"]

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime, liquidated damages and attorney's fees.

2. This is an action for damages as a result of wages owed and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. §207 ["FLSA"].

3. This court has original jurisdiction over this matter insofar as the matter involves a federal questions, namely violation of 29 U.S.C. §216(b).

4. Plaintiff NAZAIRE is a resident of Palm Beach County, Florida and at all time material hereto was employed by Defendants in Palm Beach County.

5. Defendant is a Florida profit corporation engaged in doing business in the state of Florida.

6. Defendant has a principal place of business at 1 South County Road, Palm Beach 33480.

7. Venue is proper in that Defendant is located in Palm Beach County, FL, events giving rise to this cause of action occurred in Palm Beach County, FL and at all times material hereto, Plaintiff worked in Palm Beach County, FL.

## ALLEGATIONS

8. Plaintiff has been employed with Defendant as a housekeeper from April 4, 1995 through the present.

9. Plaintiff is employed with Defendant as a housekeeping manager with duties that include changing and making beds in hotel rooms, preparing rooms for guests, cleaning bathrooms in hotel rooms, taking out the trash in hotel rooms, inspect rooms that have been cleaned by attendants.

10. Plaintiff is a non-exempt employee and otherwise entitled to overtime payments.

11. Plaintiff was not paid an hourly rate, but rather was paid and continues to be paid a fixed salary for work weeks longer than forty (40) hours.

12. Plaintiff regularly worked over forty (40) hours in a given work week.

13. Plaintiff was not paid time and one half her total compensation for hours worked over forty (40) in a work week.

14. Defendant failed to pay Plaintiff the mandatory wages as required under state and federal law.

15. Defendant has an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

16. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the FLSA.

17. Defendant is an employer of the Plaintiff as that term is defined under the FLSA.

**COUNT I**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**DEFENDANT THE BREAKERS PALM BEACH, INC.**

Plaintiff re-alleges Paragraphs 1 through 17 as set forth herein.

18. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

19. While Plaintiff's job title was Housekeeping Manager, Plaintiff's primary duty did not include managing a department.

20. Plaintiff also did not have the authority to hire or fire other employees, nor were his suggestions and recommendations as to the hiring, firing, promotion, or any other change regarding an employee's job status given any particular weight and/or consideration.

21. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

22. Plaintiff worked in excess of forty (40) hours per week without being compensated at the proper rate of one time and one half his total compensation for hours worked over forty (40) in a work week.

23. Defendant failed to compensate Plaintiff up to one and half times his hourly rate for all worked performed in excess of forty (40) hours.

24. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

25. Plaintiff is aware of hours for which he was not compensated.

26. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payment for the entire preceding period.

27. As a direct and proximate result of the Defendant's actions, the Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

28. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

29. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

**WHEREFORE,** Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests trial by jury.

Dated this 9th day of December 2015.

s/Lissa Jolivert-Dorsey
Lissa Jolivert-Dorsey, Esq.
Florida Bar No. 191590
Primary e-mail: hebep@findlerlaw.com
Secondary e-mail: litigation@findlerlaw.com
FINDLER & FINDLER, P.A.
3 Harvard Circle, Suite 100
West Palm Beach, FL 33409
Telephone:   (561) 640-3555
Facsimile:   (561) 640-3273
Attorney for Plaintiff